IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ESTHER C. TURNER                                                    PLAINTIFF

V.                                    NO. 14-5026

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration          DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Esther C. Turner, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for supplemental security income (SSI) under the provisions of Title XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.      Procedural Background:**

Plaintiff protectively filed her application for SSI on August 18, 2008, alleging an inability to work since September 15, 2002, due to anxiety, depression, GERD, back pain, pain in hands, left hip and thigh, high blood pressure, high cholesterol, chronic pulmonary condition, osteoarthritis, hands going numb, and a torn ligament in her left thumb. (Tr. 75-78, 83).  An administrative hearing was held on May 25, 2012, at which Plaintiff appeared with counsel and testified. (Tr. 385-421).

-1-

By written decision dated November 15, 2012, the ALJ found that Plaintiff had an impairment or combination of impairments that were severe - osteoarthritis, chronic obstructive pulmonary disease (COPD), and obesity. (Tr. 13). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 13). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to:

> perform medium work as defined in 20 CFR 416.967(c) with generalized pain and mild respiratory symptoms which reduce but do [not][1] prevent performance of work activities.

(Tr. 14). With the help of the vocational expert (VE), the ALJ determined that Plaintiff was unable to perform her past relevant work, but could perform such jobs as industrial cleaner and hand packager. (Tr. 17-18).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on November 21, 2013. (Tr. 4-7). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 9, 11).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II.    Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  Ramirez v. Barnard, 292 F. 3d 576, 583 (8th Cir.

___
[1] Although the ALJ omitted the word "not" in this paragraph of his decision, it is clear from the record that he intended the word to be included.

-2-

AO72A
(Rev. 8/82)

2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnard, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or

-3-

mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

**III.    Discussion:**

Plaintiff raises the following issues on appeal: 1) Whether there is substantial evidence to support the ALJ's decision; and 2) Whether the ALJ erred in his RFC determination. (Doc. 9).

**A.    RFC Determination:**

Plaintiff argues that the ALJ's RFC determination is not based on all relevant evidence. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id.  This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004).  Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3).  The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that

-4-

addresses the claimant's ability to function in the workplace.  Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003).  "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC."  Id.

In his decision, the ALJ discussed the medical records regarding Plaintiff's osteoarthritis, respiratory impairment, and obesity, as well as Plaintiff's complaints of pain and daily activities. (Tr. 15, 16).  He also discussed the general physical examination performed by Dr. Tad Morgan, dated January 20, 2010, and the records from Northwest Arkansas Free Health Center.

On May 15, 2008, a CT of Plaintiff's lumbar spine revealed no lumbar spine fracture or malalignment, a shallow posterior disc displacement at L5-S1 without significant central canal stenosis, degenerative spondylosis leading to mild bilateral exit neural foraminal narrowing, and mild atherosclerotic vascular disease. (Tr. 179).

On January 20, 2010, when Plaintiff was examined by Dr. Morgan, it was reported that Plaintiff's ranges of motion of her extremities and spine were within normal limits, that there was no muscle weakness or atrophy, her gait and coordination were normal, she was able to perform all limb functions, and had 100% normal grip in both hands. (Tr. 189-190). Dr. Morgan diagnosed Plaintiff with anxiety by history, hypertension/hyperlipidemia by history, osteoarthritis, back/joint pain by history, COPD, by history, and exogenous obesity. (Tr. 191). He concluded that Plaintiff had moderate limitations in her ability to walk, stand, lift, or carry. (Tr. 191).

On February 2, 2010, non-examining consultant, Dr. Bill F. Payne, completed a Physical RFC Assessment. (Tr. 200-207). Dr. Payne found that Plaintiff would be able to perform medium work. (Tr. 201-207).

On March 16, 2010, a Mental RFC Assessment was completed by non-examining consultant Dr. Kay Cogbill. (Tr. 210-213). Dr. Cogbill found that Plaintiff appeared capable of unskilled work. (Tr. 210-213). Dr. Cogbill also completed a Psychiatric Review Technique form on March 16, 2010, wherein she found that Plaintiff had a mild degree of limitation in restriction of activities of daily living, and a moderate degree of limitation in difficulties in maintaining social functioning and in maintaining concentration, persistence, or pace, and had no episodes of decompensation, each of extended duration. (Tr. 224).   (Tr. 214-227).

On February 18, 2011, Plaintiff was seen by Dr. Carlos Acosta at the Community Clinic of St. Francis House. (Tr. 254). Dr. Acosta reported that Plaintiff's hyperlipidemia was at a good level, as she had been on Lipitor since being diagnosed. (Tr. 254). He also reported that there were no associated myalgias. (Tr. 254).  Dr. Acosta also noted that with respect to Plaintiff's hypertension, Plaintiff was taking atenolol and HCTZ without problems. (Tr. 254). With respect to Plaintiff's COPD, Dr. Acosta reported that Plaintiff was still smoking one pack of cigarettes per day, and she did not feel that she was ready to quit. (Tr. 254). It was also reported that Plaintiff overall felt that she was "doing well" with her depression and anxiety on Celexa, and the last panic attack she had was one month prior. (Tr. 254). With respect to her chronic "osteoarthritis" involving bilateral knees, right elbow and back, Dr. Acosta reported that Plaintiff was most recently taking Ultram 2-4 per day, which helped. (Tr. 254).  Dr. Acosta reported Plaintiff had a normal gait, and needed to start exercising and make changes to her diet. (Tr. 255). He diagnosed Plaintiff as follows:

> 1. COPD
> 2. Hyperlipidemia
> 3. HTN
> 4. Allergic rhinitis NOS

-6-

        5. Chronic pain, not elsewhere classified
        6. Depression with anxiety
        7. Tobacco use disorder
        8. Dyspepsia NOS

(Tr. 255).  Dr. Acosta encouraged water exercises, and noted that Plaintiff's depression was stable on SSRI although "sounds like has room for improvement." (Tr. 256).

On March 4, 2011, a pulmonary function report revealed essentially a normal spirometry with some evidence of possible early large airway or small airway obstruction and no significant improvement after bronchodilator therapy. (Tr. 364).

Plaintiff underwent two Mental Diagnostic Evaluations by Dr. Terry L. Efird, one on March 11, 2010 (Tr. 194-197), and one on May 19, 2011. (Tr. 262-266). In his most recent evaluation, Dr. Efird reported that Plaintiff was taking Citalopram through the St. Francis House and that the medications were reportedly taken as prescribed, with side effects being denied. (Tr. 263). The medication was also described as having been somewhat beneficial, and financial obstacles to treatment were reported. (Tr. 263). The ability to perform basic self-care tasks independently was endorsed, and the ability to perform household chores adequately was described as taking longer than historically, secondary to having to stop and rest. (Tr. 263).  Dr. Efird diagnosed Plaintiff as follows:

        Axis I:             Anxiety disorder NOS
        Axis II:      deferred
        Axis V:      55-65

(Tr. 265).  Dr. Efird found that the ability to shop independently was endorsed for a few items; the ability to perform activities of daily living adequately was described as taking longer than historically, secondary to having to stop and rest; that Plaintiff communicated and interacted in a reasonably socially adequate manner, and in a reasonably intelligible and effective manner;

-7-

that  Plaintiff had the capacity to perform basic cognitive tasks required for basic work like activities; that Plaintiff appeared able to track and respond adequately for the purposes of the evaluation and no remarkable problems with attention/concentration were noted; that Plaintiff generally completed most tasks during the evaluation, and no remarkable problems with persistence were noted during the evaluation; that Plaintiff appeared to have the mental capacity to persist with tasks if desired; and that Plaintiff's mental pace of performance was possibly a bit slow during the evaluation, but adequate for basic types of tasks. (Tr. 265).

On March 23, 2012, Plaintiff presented to Washington Regional Medical Center for evaluation of abdominal pain. (Tr. 295). She also reported back pain. (Tr. 295). Upon examination, a back exam included findings of normal inspection, range of motion was normal, and there was costovertebral angle tenderness, on the right. (Tr. 296). The range of motion was normal in upper and lower extremities. (Tr. 296). A CT of the abdomen and pelvis revealed no acute abnormality within the abdomen or pelvis and no renal calculi or hydronephrosis, and no appendicitis. (Tr. 301).

On November 7, 2012, Dr. Rebecca L. Barrett saw Plaintiff, who complained of arthritis pain in her back and hips, reflux and sinus pain. (Tr. 381). It was reported that Plaintiff was not ready to quit smoking. She was assessed as follows:

1. Arthritis/Unspecified arthropathy, site unspecified
2. Hyperlipidemia
3. Encounter for long-term (current) use of other medications
4. Hypertension
5. URI
6. GERD

(Tr. 382).

In this case, the ALJ discussed Plaintiff's medical records, Plaintiff's activities, and the

AO72A
(Rev. 8/82)

various physicians' opinions. He found that although Dr. Morgan found Plaintiff had moderate limitations in walking, standing, lifting, and carrying, it was evident that Dr. Morgan based those limitations on Plaintiff's report and not his own exam notes, which found Plaintiff's physical exam within normal limits. (Tr. 15).  The ALJ discussed Plaintiff's COPD, noting that although Plaintiff was advised to quit smoking numerous times, she did not want to. (Tr. 15). He referred to Plaintiff's pulmonary function studies, which were essentially normal, and concluded her respiratory impairment was not severe to a degree that would limit activities beyond the scope of the RFC. (Tr. 15). The ALJ also considered Plaintiff's obesity, finding that it would not limit Plaintiff's activities beyond the scope of the RFC. (Tr. 15-16).

The ALJ observed that no physician placed any functional restrictions on Plaintiff's activities. In fact, as noted earlier, Plaintiff was encouraged to exercise. The ALJ concurred with the state agency consultants. (Tr. 17).

The Court finds, based upon the record as a whole, that the ALJ properly assessed the medical records, physicians' opinions, and Plaintiff's description of her limitations, as well as her allegations of pain. The Court also finds that the ALJ's RFC determination includes the limitations that are supported by the record. Therefore, the Court finds that there is substantial evidence to support the ALJ's RFC determination.

With respect to Plaintiff's argument that there is not substantial evidence to support the ALJ's decision, the Court finds that, in accordance with the foregoing discussion, as well as the record as a whole, there is substantial evidence to support the ALJ's decision.

## IV.    Conclusion:

Accordingly, having carefully reviewed the record, the Court finds substantial evidence

AO72A
(Rev. 8/82)

supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby affirmed.  The Plaintiff's Complaint should be, and is hereby, dismissed with prejudice.

IT IS SO ORDERED this 16th day of September, 2014.

/s/ Erin L. Setser
HONORABLE ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

-10-